STATE OF WEST VIRGINIA *v.* H. B. CAMPBELL

(No. 7283)

Submitted May 19, 1932.   Decided May 24, 1932.

*A. M. Belcher,* for plaintiff in error.

*H. B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Defendant prosecutes error from a judgment sentencing him to two and one-half years in the penitentiary for uttering a forged check.

The check in question, which is for $37.50, is drawn on the Farmers & Citizens State Bank of Clendenin in favor of Orville Gibson, and is purported to be signed by S. J. Gibson, as maker. Across the face thereof appears the typewritten statement, "signature guaranteed", with the signature of the defendant signed thereunder. On the back, appears the name of the payee, the name of the prosecuting witness, and that of the defendant, in the order named. From the evidence, it appears that the defendant, who operates a store in Clendenin, can neither read nor write, except to scrawl his own name; that he had a substantial account in the Farmers & Citizens State Bank; that, at the time of presentment, the teller showed the check to the cashier; that the statement "signature guaranteed" was typed across the face of the check by one of said employees; that the cashier, after asking

from whom the check was obtained requested defendant to, and the latter did, sign his name; that the check was cashed without further comment; that in about two weeks the check was dishonored by the purported maker and the same then charged against defendant's account; that defendant thereupon had the prosecuting witness, who had requested him to have the check cashed, arrested. Nothing appears in the record to show that defendant profited, or could have profited, in any particular from the alleged uttering, had the check been honored by the maker. So far as the record discloses, the prosecuting witness alone benefited by the transaction.

Knowledge that the instrument was forged at the time of uttering it, is a necessary element of the crime. Did the defendant have any such knowledge at the time he presented it to the bank and received the money thereon, which he accounted for to the prosecuting witness? The evidence of the prosecuting witness and an alleged bystander as to the planning of the defendant and the prosecuting witness to obtain the $37.50 is so unreasonable, so weak, and so completely overborne by the witnesses for the defendant that the court, when considering the entire record, is of opinion that the verdict of the jury is not warranted. *State* v. *McHenry*, 93 W. Va. 396, 117 S. E. 143.

As the case must be remanded for a new trial, further comment on the evidence is deemed unnecessary.

*Reversed; verdict set aside; new trial awarded.*